UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: TEXAS REDS, INC., No. 04-15995-j7

    Debtor

YVETTE GONZALES, Trustee,

    Plaintiff

v.      Adversary No. 09-1137 J

JANETTA GORSICH and STEVE GORSICH,

    Defendants.

## ORDER DENYING DEFENDANTS'
## MOTION TO DISMISS FOR LACK OF JURISDICTION

This matter is before the Court on the Motion to Dismiss for Absence of Core Proceeding Jurisdiction (the "Motion") filed by Defendants Janetta Gorsich and Steve Gorsich on November 22, 2009. *See* Docket No. 7. Defendants seek dismissal of this adversary proceeding on the ground that Plaintiff's claim to collect a pre-petition account receivable is a non-core proceeding, and that, consequently, the Court lacks jurisdiction to adjudicate the claim. For the reasons set forth below, the Court finds that it has jurisdiction and therefore will deny the Motion.

### BACKGROUND

The Plaintiff, Yvette J. Gonzales (the "Trustee"), is the chapter 7 trustee in a case filed by the Debtor Texas Reds, Inc. ("Debtor"). The Trustee commenced this adversary proceeding asserting two claims: 1) a claim for collection of an account receivable; and 2) a claim for turnover of a mobile home to the bankruptcy estate. The turnover claim has been resolved, except Defendants have reserved the right to assert they had an interest in the mobile home that

gives rise to a set off against any judgment against them in this adversary proceeding. *See* Stipulated Order On Count II of the Complaint, Turnover of Property, entered December 28, 2009, Docket No. 10.

Defendants assert that this Court lacks jurisdiction over this adversary proceeding because this is a non-core proceeding. Defendants assert this is a non core proceeding because the Trustee's claim is to collect a pre-petition account receivable; the claim existed before the bankruptcy case was commenced and exists independently of Title 11; the Trustee invokes no substantive right provided by Title 11; and collection of receivables is not specifically identified as a core proceeding in 28 U.S.C. §157(b) and is not within the spirit of that statute. The Trustee asserts that this is a core proceeding. Alternatively, the Trustee asserts that the Court has jurisdiction because the claim asserted in this proceeding is "related to" the Debtor's chapter 7 case.

## DISCUSSION

District courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). District courts also have original, but not exclusive, jurisdiction to hear "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[1] The District Court may refer the exercise of that jurisdiction to the bankruptcy court pursuant to 11 U.S.C. § 157(a), which it has done.[2] Bankruptcy judges may "hear and

---

1334(a)([1] 11 U.S.C. §1334(b) provides:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

[2] That section provides:
Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
28 U.S.C. § 157(a).

-2-

Case 09-01137-j    Doc 15    Filed 01/14/10    Entered 01/14/10 17:22:50 Page 2 of 4

determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Further, bankruptcy judges may hear a proceeding that is not a core proceeding but that is "otherwise related to a case under title 11," 28 U.S.C. § 157(c)(1); and, if the parties consent, the bankruptcy judge may both hear and determine a "related to" proceeding. 28 U.S.C. § 157(c)(2). Consistent with these jurisdictional parameters, this Court has the power to hear this adversary proceeding if the claims are core claims, or if the claims are non-core but otherwise related to the Debtor's chapter 7 bankruptcy case.

Core proceedings include, *inter alia*, proceedings to determine claims arising under the Bankruptcy Code; matters concerning administration of the estate, such as allowance and disallowance of claims; and matters concerning property of the estate, such as determinations of the validity, priority and extent of liens against estate property. *See* 1 *Collier on Bankruptcy*, ¶1.3.02[3] (Matthew Bender 15th ed. Rev. 2009).[3] Generally, " '[a]ctions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings.' " *In re Johnson*, 575 F.3d 1079, 1082 (10th Cir. 2009)(quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir.1990)(per curiam)). " '[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.' " *Gardner)*, 913 F.2d at 1518 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)).[4]

---

The United States District Court for the District of New Mexico has referred to the bankruptcy judges for the District the exercise of bankruptcy jurisdiction vested in the District Court. *See* NM Local Bankruptcy Rules, Appendix A.

[3] For example, in *In re Magnolia Gas Co. LLC*, 33 Fed. Appx. 418, 421 (10th Cir. 2002) the Court found that a proceeding to determination the validity, extent, or priority of liens against estate property is a core proceeding.

[4] In addition to the Tenth Circuit, the Third, Fourth, Fifth, Eighth, Ninth, and Eleventh circuits have applied what has become known as the Pacor test for determining whether a civil proceeding is related to a case under title 11 within the meaning of 11 U.S.C §1334(b). *See, e.g.*, *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir.1990); *Great Western Savings v. Gordon (In re Fietz)*, 852 F.2d 455, 457 (9th Cir.1988); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir.1987); *Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re*

There is split of authority as to whether an action to collect an account receivable that is property of the estate is a core proceeding.[5] However, the Court need not decide that issue here.[6] The Court has jurisdiction to hear the Trustee's claim in this adversary proceeding regardless of whether the Trustee's action to collect a pre-petition account receivable is a core or non-core proceeding. Even if the claims are non-core they are "related to" Debtors chapter 11 case because the Trustee's collection of the account receivable would have an impact on the bankruptcy estate. Should the Trustee prevail in this adversary proceeding, recovery of the account receivable will increase the value of the assets of the estate, making more funds available to pay administrative expenses or pre-petition claims.[7] Based on the foregoing, the Court concludes that it has jurisdiction over the Trustee's claim to collect an account receivable.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss for Absence of Core Proceeding Jurisdiction is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: January 14, 2010

COPY TO:

**George D Giddens, Jr**
Attorney for Plaintiff
10400 Academy Rd NE Ste 350
Albuquerque, NM 87111-1229

**Paul David Mannick**
Attorney for Defendants
P1210 Luisa St. #5
Santa Fe, NM 87505

---

*Dogpatch U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir.1987); *A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robins Co., Inc.)*, 788 F.2d 994, 1002, n. 11 (4th Cir. 1986); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984).
[5] *See In re Apex Express Corp.*, 190 F.3d 624, 631-632 (4th Cir.1999) (discussing split in authority).
[6] The Court notes that the Trustee alleged in paragraph 5 of the Complaint: "This is a core proceeding because it entails matters concerning the administration of the estate." Complaint for Recovery of Account Receivable and For Turnover of Property of Estate, ¶5, Docket No. 1. In their Answer, Plaintiffs admitted that allegation. *See* Answer, ¶1, Docket No. 5.
[7] Even courts that find that a proceeding to collect a pre-petition receivable is a non core matter do not dismiss the proceeding for lack of jurisdiction. *See, e.g., Century Forest Products, Inc., v. H.W. Indus., Inc. (In re Century Forest Products, Inc.)*, 2009 WL 4839704, *1 (Bankr.M.D.N.C. 2009); *Apex Communications Corp. v. Pinkett (In re Pinkett)*, 2008 WL 5786907, *3 (Bankr.E.D.Va. 2008); *Wood v.Ghuste (In re Wood)*, 216 B.R. 1010 1014 (Bankr. M.D. Fla. 1998).